**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)**

| | |
|---|---|
| **NUTRAMAX LABORATORIES, INC.** ) | |
| 2208 Lakeside Boulevard ) | |
| Edgewood, Maryland  21040 ) | |
| ) | |
| **Plaintiff**, ) | |
| ) | |
| **v.** ) | **Case No. 07-cv-0882 WMN** |
| ) | |
| **HEALTHY DIRECTIONS, LCC** ) | |
| 7811 Montrose Road ) | |
| Potomac, Maryland  20854 ) | |
| ) | |
| *Serve On:* ) | |
| National Corporate Research, LTD. ) | |
| 615 South DuPont Highway ) | |
| Dover, Delaware  19901 ) | |
| ) | |
| and ) | |
| ) | |
| **DOCTORS' PREFERRED, LLC** ) | |
| 2711 Centerville Road ) | |
| Suite 400 ) | |
| Wilmington, Delaware 19808 ) | |
| ) | |
| *Serve On:* ) | |
| CSC Lawyers Incorporating ) | |
| Service Company ) | |
| 7 St. Paul Street ) | |
| Suite 1660 ) | |
| Baltimore, Maryland  21202 ) | |
| ) | |
| and ) | |
| ) | |
| **JULIAN WHITAKER, M.D.** ) | |
| The Whitaker Wellness Institute ) | |
| 4321 Birch, Suite 100 ) | |
| Newport Beach, California  92660 ) | |
| ) | |
| and ) | |
| ) | |
| ) | |
| ) | |

1

**MAXIMUM INTERNATIONAL**    )
**NUTRITION, INC.**    )
602 S. Military Tr.    )
Deerfield Beach, Florida  33442    )
    )
   *Serve On:*    )
       Business Filings Incorporated    )
       1203 Governors Square Boulevard    )
       Suite 101    )
       Tallahassee, Florida  32301-2960    )
    )
and    )
    )
**DR. KNOLL PRODUCTS, INC.**    )
**t/a Biowell**    )
P.O. Box 116    )
274 Newton Street    )
Canfield, Ohio  44406    )
    )
   *Serve On:*    )
       Gertrude Fischer    )
       174 Newton Street    )
       Canfield, Ohio 44406    )
    )
and    )
    )
**NUTRIEX, LLC**    )
PO Box 557    )
Bountiful, Utah  84014    )
    )
   *Serve On:*    )
       Thomas D. Rosenberg    )
       5848 Fashion Boulevard    )
       Salt Lake City, Utah  84107    )
    )
and    )
    )
**SOUNDVIEW PUBLICATIONS, INC.**    )
**t/a Healthy Resolve**    )
P.O. Box 467939    )
Atlanta, Georgia  31146    )
    )
   *Serve On:*    )
       Garret W Wood    )
       7100 Peachtree-Dunwoody Road    )
       Suite 100    )

| | |
|---|---|
| Atlanta, Georgia  30328 | ) |
| | ) |
| and | ) |
| | ) |
| **ROBERT J. ROWEN, M.D.** | ) |
| P.O. Box 467939 | ) |
| Atlanta, Georgia  31146 | ) |
| | ) |
| and | ) |
| | ) |
| **ACI, INC.** | ) |
| **t/a Healthy Choice Nutritionals** | ) |
| 555 N. El Camino Real #350 | ) |
| San Clemente, California  92673 | ) |
| | ) |
|   *Serve On:* | ) |
|     Frank Darling | ) |
|     555 N. El Camino Real #350 | ) |
|     San Clemente, California  92673 | ) |
| | ) |
| **LifeWise Naturals, Inc**. | ) |
| 5777 Grand Oak Drive | ) |
| Springfield, Missouri  65803 | ) |
| | ) |
|   *Serve On*: | ) |
|     Kelly Moore | ) |
|     5777 Grand Oak Drive | ) |
|     Springfield, Missouri  65803 | ) |
| | ) |
|      **Defendants**. | ) |
| _____ | ) |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Nutramax Laboratories, Inc. ("Nutramax"), by and through its undersigned attorneys, files this First Amended Complaint for patent infringement against the above-named Defendants, and in support alleges the following:

## THE PARTIES

1.    Nutramax is a Maryland corporation with its principal place of business in Edgewood, Maryland.   Nutramax researches, develops, manufactures, markets,

distributes, sells, and has sold, nutritional supplement products across the United States, including Maryland.

2.      On information and belief, Defendant Healthy Directions is a Delaware limited liability company with its principal place of business in Potomac, Maryland. Healthy Directions is not registered to do business in Maryland.  According to its website at www.healthydirections.com, Healthy Directions is "North America's largest publisher of health newsletters and #2 mail order provider of nutritional supplements[.]"  Healthy Directions claims to provide "advice from doctors, nutritionists, counselors and friends, offering safe, natural and effective ways to solve and prevent health concerns" and "[w]ith subsidiary Doctors' Preferred, LLC, [Healthy Directions] find[s] and develop[s] the products and services that turn our experts' advice into action – quickly, conveniently and effectively."

3.      On information and belief, Defendant Doctors' Preferred is a Delaware limited liability company that is a wholly-owned subsidiary of Healthy Directions. Doctors' Preferred is registered to do business in Maryland but its corporate records indicate that its principal place of business is in Wilmington, Delaware.

4.      On information and belief, Defendant Julian Whitaker, M.D. ("Whitaker") is an individual who resides in California and who markets, offers to sell and/or does sell nutritional products that bear his name and endorsement throughout the United States, including Maryland, on his website www.drwhitaker.com.  Whitaker also serves as an "expert advisor" to Defendants Healthy Directions and Doctors' Preferred, and his website refers inquiries and questions to Healthy Directions' address in Maryland.

5.      On information and belief, Defendant Maximum International Nutrition,

Inc. ("Maximum International") is a Florida corporation with its principal place of business in Pompano Beach, Florida, and it manufactures, markets, offers to sell and/or does sell nutritional supplement products throughout the United States, including Maryland.

6.     On information and belief, Defendant Dr. Knoll Products, Inc. ("Dr. Knoll Products") is an Ohio corporation with its principal place of business in Canfield, Ohio, and it manufactures, markets, offers to sell and/or does sell nutritional supplement products throughout the United States, including Maryland, under the trade name "Biowell™".

7.     On information and belief, Defendant Nutriex, LLC ("Nutriex") is a Utah corporation with its principal place of business in Bountiful, Utah, and it manufactures, markets, offers to sell and/or does sell nutritional supplement products throughout the United States, including Maryland.

8.     On information and belief, Defendant Soundview Publications, Inc. ("Soundview") is a Georgia corporation that trades as Healthy Resolve and maintains  its principal place of business in Atlanta, Georgia.  Soundview markets, offers to sell and/or does sell nutritional supplement products throughout the United States, including Maryland.

9.     On information and belief, Defendant Robert J. Rowen, M.D. ("Rowen") is a resident of Georgia who is the founder and officer of Soundview and also formulates the products sold under the Healthy Resolve brand throughout the United States, including Maryland.

10.     On information and belief, Defendant ACI, Inc. ("ACI") is a suspended

California corporation which does business as Healthy Choice Nutritionals and maintains its principal place of business in San Clemente, California.  Under the Healthy Choice Nutritionals brand name, ACI manufactures, markets, offers to sell and/or does sell nutritional supplement products throughout the United States, including Maryland.

11.    On information and belief, Defendant LifeWise Naturals, Inc. ("LifeWise") is a Missouri corporation with its principal place of business in Springfield, Missouri, and it manufactures, markets, offers to sell and/or does sell nutritional supplement products throughout the United States, including Maryland.

## JURISDICTION AND VENUE

12.    This is an action for patent infringement of Untied States Patent No. 6,797,289 B2, a copy of which is attached hereto at **Exhibit 1**, brought under the provisions of the Untied States Patent Laws, Title 35 of the United States Code. Jurisdiction in this Court is therefore based upon 28 U.S.C. § 1338(a).

13.    Venue lies in this jurisdiction under 28 U.S.C. §§ 1391 and 1400(b).

## FACTS

14.    Nutramax is the assignee of United States Letters Patent 6,797,289 B2 issued on September 28, 2004, entitled "Use of anabolic agents, anti-catabolic agents, antioxidant agents, and analgesics for protection, treatment and repair of connective tissues in humans and animals" (hereinafter, the "'289 Patent"). *See* Exh. 1.

15.    Nutramax is the sole assignee of the entire right, title and interest in and to the '289 Patent with all rights pertaining thereto, including the right to bring this Civil Action and collect damages for infringement of the '289 Patent.

6

16.     The '289 Patent contains the following one independent claim and three dependent claims:

> Claim 1:     A composition for the treatment, repair or prevention of damage to connective tissue comprising: a synergistic combination of an aminosugar and avocado/soybean unsaponifiables.

> Claim 2:     The composition of claim 1, wherein the aminosugar is selected from the group consisting of glucosamine, glucosamine salts, and mixtures thereof.

> Claim 3:     The composition of claim 2, wherein the glucosamine salt is selected from the group consisting of glucosamine hydrochloride, glucosamine sulfate, N-acetylglucosamine and salts thereof.

> Claim 4:     The composition of claim 1, wherein the synergistic combination is administered orally, sublingually, nasally, gutturally, rectally, transdermally, or parenterally.

17.     Hereinafter for all purposes in this Complaint, avocado/soybean unsaponifiables as that term is used in Claim 1 of the '289 Patent is referred to as "ASU".

18.     Defendants Healthy Directions, Doctors' Preferred and Whitaker (together referred to as the "Healthy Directions Defendants") make or have had made, use, offer to sell and sell a product called "Joint Essentials."

19.     The Healthy Directions Defendants claim that their Joint Essentials product contains the ingredients Glucosamine Sulfate, Glucosamine HCl and ASU.

20.     The Healthy Directions Defendants' product label for Joint Essentials further indicates that a "serving size" of Joint Essentials is "3 Softgels" and that each

such serving size contains 375 mg of Glucosamine Sulfate, 375 mg of Glucosamine HCl, and 300 mg of ASU.

21.     The Healthy Directions Defendants' Joint Essentials product is advertised and sold for the purpose of "building better long-term joint health . . . [and to] alleviate everyday aches and pains and support a normal inflammatory response" in humans.  The product label indicates that it is manufactured for Healthy Directions and distributed by Doctors' Preferred.

22.     The combination of one or more forms of glucosamine with ASU contained in the Healthy Directions Defendants' Joint Essentials product infringes one or more of claims of the '289 Patent.

23.     Defendant Maximum International makes or has had made, uses, offers to sell and sells a product called "Avocado300 Soy Unsaponifiables" (the "Avocado300 Product").

24.     The label for the Avocado300 Product claims that the product contains Glucosamine Sulfate and ASU.

25.     The Avocado300 Product label further indicates that a "serving size" of Joint Essentials is "2 tablets" and that each such serving provides 1200 mg of Glucosamine Sulfate and 300 mg of ASU.

26.     The Avocado300 Product is advertised and sold for the purpose of repairing or improving the function of joints and cartilage.

27.     The combination of Glucosamine Sulfate with ASU contained in Maximum International's Avocado 300 Product infringes one or more claims of the '289 Patent.

28.     Defendant Dr. Knoll Products, which trades under the name Biowell™, makes or has had made, uses, offers to sell and sells a product called "Sovocal".

29.     Dr. Knoll Products claims that Sovocal contains the ingredients Glucosamine Sulfate, Avocado Extract and Soy Extract.  Together, Avocado Extract and Soy Extract contain ASU.

30.     The product label for Sovocal further indicates that a "serving size" is "1 tablet".  The label does not disclose the quantity of each ingredient contained in each tablet, but instead indicates that the combination of ingredients in the Sovocal product is a "Proprietary Blend."

31.     Sovocal is advertised and sold for the purpose of improving the health of human bones and joints.

32.     The combination of one or more forms of glucosamine with ASU in Sovocal infringes one or more of claims of the '289 Patent.

33.     Defendant Nutriex makes or has had made, uses, offers to sell and sells products called "Nutriex Health" and "Nutriex Sport" (together, the "Nutriex Products").

34.     The product label for Nutriex Health indicates that it contains Glucosamine HCl and ASU.

35.     The Nutriex Health product label further indicates that a "serving size" is "4 to 9 capsules" and that each serving provides 750 mg of Glucosamine HCl and 150 mg of ASU.

36.     The product label for Nutriex Sport indicates that it contains Glucosamine HCl and ASU.

37.     The Nutriex Sport product label further indicates that a "serving size" is "5

to 12 capsules" and that each serving provides 1,500 mg of Glucosamine HCl and 300 mg of ASU.

38.     The Nutriex Products are advertised and sold for the purpose of, among other benefits, repairing or improving the function of joints and cartilage.

39.     The combinations of Glucosamine HCl with ASU contained in each of the Nutriex Products infringe one or more claims of the '289 Patent.

40.     Defendants Soundview Publications (t/a Healthy Resolve) and Rowen (together, the "Healthy Resolve Defendants") make or have had made, use, offer to sell and sell a product called "Advanced Joint Support".

41.     The Healthy Resolve Defendants claim that their Advanced Joint Support product contains the ingredients Glucosamine Sulfate and Avocado/Soy Blend, a blend which Rowen advertises and claims to contain ASU.

42.     The Healthy Resolve Defendants' product label for Advanced Joint Support further indicates that a "serving size" is "1 tablet" and that each tablet contains 500 mg of Glucosamine Sulfate and 100 mg of Avocado/Soy Blend, or ASU.

43.     The Healthy Resolve Defendants' Advanced Joint Support product is advertised and sold for the purpose of easing human joint discomfort and re-building cartilage.

44.     The combination of Glucosamine Sulfate with ASU in the Advanced Joint Support product infringes one or more of claims of the '289 Patent.

45.     Defendant ACI, which does business as Healthy Choice Nutritionals, makes or has had made, uses, offers to sell and sells a product called "Joint Relief Complex".

46.     ACI claims that Joint Relief Complex contains the ingredients Glucosamine and ASU.

47.     The Joint Relief Complex product label indicates that a "serving size" of the product is "3 tablets" and that each serving provides 1500 mg of Glucosamine Sulfate and 300 mg of ASU.

48.     Joint Relief complex is advertised and sold for the purpose of strengthening, restoring and rebuilding cartilage.

49.     The combination of glucosamine sulfate with ASU contained in the Joint Relief Complex product infringes one or more claims of the '289 Patent.

50.     Defendant LifeWise makes or has made, uses or has used, offers or has offered to sell, and sells or has sold a product called "JointWise Ultra with ASU."

51.     LifeWise claims that JointWise Ultra with ASU contains the ingredients Glucosamine Sulfate Potassium Chloride (sodium-free glucosamine) and ASU.

52.     LifeWise advertises that the "suggested use" for JointWise Ultra with ASU is "6 caps daily" and that "two capsules contain" 500 mg of Glucosamine Sulfate Potassium Chloride and 100 mg of ASU.

53.     LifeWise advertises or has advertised that it has "now added ASU to [its] comprehensive JointWise Ultra formula to provide even more support for healthy collagen synthesis, range of motion, flexibility, and normal inflammatory balance."

54.     The combination of one or more forms of glucosamine with ASU contained in LifeWise's JointWise Ultra with ASU product infringes one or more of claims of the '289 Patent.

**COUNT I**
**DIRECT PATENT INFRINGEMENT**
**(all Defendants)**

55.     Plaintiff incorporates by reference the allegations in Paragraphs 1 through 54 as if stated fully herein.

56.     Defendants Healthy Directions, Doctors' Preferred, Whitaker, Maximum International, Dr. Knoll Products, Nutriex, Soundview, Rowen, ACI, and LifeWise (together, the "Infringing Defendants") each directly infringe the '289 Patent because each Infringing Defendant has made, sold, and/or distributed, or has had made, sold and/or distributed, and on information and belief continues to make and/or has made the products identified and described above, each of which contain combinations of ingredients that fall within the claims of the '289 Patent.

57.     The Infringing Defendants have for time past and still are infringing the '289 Patent by selling, advertising for, and offering to sell a product that embodies the invention of the '289 Patent to customers throughout the United States, including Maryland, directly and through intermediaries, and will continue to do so unless enjoined by this Court.

58.     The Infringing Defendants' actions have been and continue to be willful, knowing, deliberate and without a good faith belief that the '289 Patent was for some reason unenforceable or not infringed.

59.     The Infringing Defendants' actions have had and continue to have the effect of damaging and irreparably harming Nutramax, and such harm will continue unless Defendants are permanently enjoined from infringing the '289 Patent.

WHEREFORE, Plaintiff Nutramax prays the Court award it the following relief:

A.     A final and permanent injunction under 35 U.S.C. § 283 restraining the Infringing Defendants and those in privity with each of them from making, using selling, distributing, importing, having made, having sold, having distributed or having imported, any product or composition that infringes the '289 Patent;

B.     Damages against each of the Infringing Defendants pursuant 35 U.S.C. § 284 for infringement of the '289 Patent that are adequate to compensate Plaintiff for the infringement, but in no event less than a reasonable royalty for the use made of the invention by each infringer, together with interest and costs;

C.     Enhanced damages to Plaintiff as the court deems just; and

D.     Reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT II
## INDUCEMENT OF DIRECT PATENT INFRINGEMENT
### (Defendants Healthy Directions, Whitaker, and Rowen)

60.     Plaintiff incorporates by reference the allegations in Paragraphs 1 through 59 as if stated fully herein.

61.     This is a claim for inducement to infringe pursuant to 35 U.S.C. 271(b) against Defendants Whitaker, Healthy Directions and Rowen (together, the "Inducing Defendants").

62.     Defendant Whitaker knew of the '289 Patent at a time when Defendants Healthy Directions and Doctors' Preferred committed the acts of direct infringement described above, and Whitaker's actions induced the infringing acts by Healthy Directions and Doctors' Preferred.  Whitaker also knew or should have known that his

actions would induce the direct infringement of the '289 Patent by Healthy Directions and Doctors' Preferred.

63.     Defendant Healthy Directions knew of the '289 Patent at a time when its subsidiary, Defendant Doctors' Preferred, committed acts of direct infringement, and Healthy Directions' actions induced the infringing acts by Doctors' Preferred.  Healthy Directions also knew or should have known that its actions would induce the direct infringement of the '289 Patent by Doctors' Preferred.

64.     Defendant Rowen knew of the '289 Patent at a time when Defendant Soundview, through a product sold under its brand name Healthy Resolve, committed acts of direct infringement, and Rowen's actions induced the infringing acts by Soundview.  Rowen also knew or should have known that his actions would induce the direct infringement of the '289 Patent by Soundview.

WHEREFORE, Plaintiff Nutramax prays the Court award it the following relief:

E.     A final and permanent injunction under 35 U.S.C. § 283 restraining the Inducing Defendants and those in privity with each of them inducing any other person or entity to commit or perform any act that infringes the '289 Patent;

F.     Damages against the Inducing Defendants pursuant 35 U.S.C. § 284 for infringement of the '289 Patent that are adequate to compensate Plaintiff for the infringement, but in no event less than a reasonable royalty for the use made of the invention by each infringer, together with interest and costs;

G.     Enhanced damages to Plaintiff as the court deems just; and

H.      Reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## PRAYER FOR JURY TRIAL

Plaintiff respectfully prays that all issues triable to a jury in the above action be tried to a jury.

Respectfully submitted,

_____
Robert R. Bowie, Jr. (#00442)
Joshua A. Glikin (#26852)
BOWIE & JENSEN, LLC
29 W. Susquehanna Avenue, Suite 600
Towson, Maryland  21204
(410) 583-2400

*Attorneys for Plaintiff, Nutramax Laboratories, Inc.*