## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | | |
|---|---|---|
| **NUTRAMAX LABORATORIES, INC.** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Case No. 07-cv-0882 WMN |
| | ) | |
| **HEALTHY DIRECTIONS, LCC** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **DOCTORS' PREFERRED, LLC** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **JULIAN WHITAKER, M.D.** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **MAXIMUM INTERNATIONAL NUTRITION, INC.** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **DR. KNOLL PRODUCTS, INC.** **t/a Biowell** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **NUTRIEX, LLC** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **SOUNDVIEW PUBLICATIONS, INC.** **t/a Healthy Resolve** | ) | |
| | ) | |

|  | ) |
|--|---|
| and | ) |
|  | ) |
| **ROBERT J. ROWEN, M.D.** | ) |
|  | ) |
| and | ) |
|  | ) |
| **ACI, INC.** | ) |
| **t/a Healthy Choice Nutritionals** | ) |
|  | ) |
| and | ) |
|  | ) |
| **LifeWise Naturals, Inc**. | ) |
|  | ) |
| **Defendants**. | ) |
|  | ) |

## DEFENDANT SOUNDVIEW PUBLICATIONS, INC.'S AND ROBERT J. ROWEN, M.D.'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S 1st AMENDED COMPLAINT

COME NOW Defendant Soundview Publications, Inc. t/a Healthy Resolve and Robert J. Rowen M.D. (hereinafter collectively "the Soundview/Rowen Defendants", or "Soundview/Rowen", or "Soundview") by and through their attorneys, James A. Frederick, Warren Hong and Goodell, DeVries, Leech & Dann, LLP, and hereby file their Answer and Counterclaim to Plaintiff Nutramax Laboratories, Inc. (hereinafter "Plaintiff") First Amended Complaint, and plead, as follows:

<u>ANSWERS TO SPECIFICALLY ENUMERATED PARAGRAPHS OF
PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

Except as expressly admitted below, Soundview/Rowen Defendants deny each and every allegation contained in Plaintiff's First Amended Complaint. The Soundview/Rowen Defendants specifically respond to Plaintiff's First Amended Complaint, as follows:

1.    Nutramax is a Maryland corporation with its principal place of business in Edgewood, Maryland. Nutramax researches, develops, manufactures, markets distributes, sells, and has sold, nutritional supplement products across the United States, including Maryland.

**RESPONSE:**    The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the location and corporate identification of the Plaintiff Nutramax, and accordingly deny the same. Additionally, the Soundview/Rowen Defendants are without sufficient information to form a belief as to the alleged activities of Nutramax. All other allegations set forth in Paragraph one are denied.

2.    On information and belief, Defendant Healthy Directions is a Delaware limited liability company with its principal place of business in Potomac, Maryland. Healthy Directions is not registered to do business in Maryland. According to its website at www.healthydirections.com, Healthy Directions is "North America's largest publisher of health

3

newsletters and #2 mail order provider of nutritional supplements[.]" Healthy Directions claims to provide "advice from doctors, nutritionists, counselors and friends, offering safe, natural and effective ways to solve and prevent health concerns" and "[w]ith subsidiary Doctors' Preferred, LLC, [Healthy Directions] find[s] and develop[s] the products and services that turn our experts' advice into action — quickly, conveniently and effectively."

**RESPONSE:**   The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, Healthy Directions, and accordingly deny the same.

3.   On information and belief, Defendant Doctors' Preferred is a Delaware limited liability company that is a wholly-owned subsidiary of Healthy Directions.  Doctors' Preferred is registered to do business in Maryland but its corporate records indicate that its principal place of business is in Wilmington, Delaware.

**RESPONSE:**   The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, Doctors' Preferred, and accordingly deny the same.

4.   On information and belief, Defendant Julian Whitaker, M.D. ("Whitaker") is an individual who resides in California and who markets,

offers to sell and/or does sell nutritional products that bear his name and endorsement throughout the United States, including Maryland, on his website www.drwhitaker.com. Whitaker also serves as an "expert advisor" to Defendants Healthy Directions and Doctors' Preferred, and his website refers inquiries and questions to Healthy Directions' address in Maryland.

**RESPONSE:**   The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, Julian Whitaker, M.D, and accordingly deny the same.

5.   On information and belief, Defendant Maximum International Nutrition, Inc. ("Maximum International") is a Florida corporation with its principal place of business in Pompano Beach, Florida, and it manufactures, markets, offers to sell and/or does sell nutritional supplement products throughout the United States, including Maryland.

**RESPONSE:**   The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, Maximum International Nutrition, Inc, and accordingly deny the same.

6.   On information and belief, Defendant Dr. Knoll Products, Inc. ("Dr. Knoll Products") is an Ohio corporation with its principal place of

business in Canfield, Ohio, and it manufactures, markets, offers to sell and/or does sell nutritional supplement products throughout the United States, including Maryland, under the trade name "Biowell$^{TM}$".

**RESPONSE:**   The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, Dr. Knoll Products, Inc, and accordingly deny the same.

7.   On information and belief, Defendant Nutriex, LLC ("Nutriex") is a Utah corporation with its principal place of business in Bountiful, Utah, and it manufactures, markets, offers to sell and/or does sell nutritional supplement products throughout the United States, including Maryland.

**RESPONSE:**   The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, Nutriex, LLC, and accordingly deny the same.

8.   On information and belief, Defendant Soundview Publications, Inc. ("Soundview") is a Georgia corporation that trades as Healthy Resolve and maintains its principal place of business in Atlanta, Georgia. Soundview markets, offers to sell and/or does sell nutritional supplement products throughout the United States, including Maryland.

**RESPONSE:**   Admitted.

9.   On information and belief, Defendant Robert J. Rowen, M.D.

("Rowen") is a resident of Georgia who is the founder and officer of Soundview and also formulates the products sold under the Healthy Resolve brand throughout the United States, including Maryland.

**RESPONSE:**     Admitted.

10.   On information and belief, Defendant ACI, Inc. ("ACI") is a suspended California corporation which does business as Healthy Choice Nutritionals and maintains its principal place of business in San Clemente, California.    Under the Healthy Choice Nutritionals brand name, ACI manufactures, markets, offers to sell and/or does sell nutritional supplement products throughout the United States, including Maryland.

**RESPONSE:**     The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, ACI, Inc., and accordingly deny the same.

11.   On information and belief, Defendant LifeWise Naturals, Inc. ("LifeWise") is a Missouri corporation with its principal place of business in Springfield, Missouri, and it manufactures, markets, offers to sell and/or does sell nutritional supplement products throughout the United States, including Maryland.

**RESPONSE:**     The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against

Defendant, LifeWise Naturals, Inc., and accordingly deny the same.

## JURISDICTION AND VENUE

12.     This is an action for patent infringement of Untied States Patent No. 6,797,289 B2, a copy of which is attached hereto at Exhibit 1, brought under the provisions of the Untied States Patent Laws, Title 35 of the United States Code. Jurisdiction in this Court is therefore based upon 28 U.S.C. § 1338(a).

**RESPONSE:**     The Soundview/Rowen Defendants admit that Plaintiff attempts to allege a cause of action for patent infringement, but deny that any such laws may be applied against the Soundview/Rowen Defendants.

13.     Venue lies in this jurisdiction under 28 U.S.C. §§ 1391 and 1400(b).

**RESPONSE:**     Admitted.

## FACTS

14.     Nutramax is the assignee of United States Letters Patent 6,797,289 B2 issued on September 28, 2004, entitled "Use of anabolic agents, anti-catabolic agents, antioxidant agents, and analgesics for protection, treatment and repair of connective tissues in humans and animals" (hereinafter, the '289 Patent"). *See* Exh. 1.

**RESPONSE:**     The Soundview/Rowen Defendants are without sufficient information to form a belief as to the alleged ownership and title of said '289 patent, and accordingly deny the same.  The Soundview/Rowen

Defendants specifically deny that the Plaintiff Nutramax has any right of any kind to bring suit for patent infringement or for any other cause of action against the Soundview/Rowen Defendants. All other allegations set forth in Paragraph 14 are denied.

15.    Nutramax is the sole assignee of the entire right, title and interest in and to the `289 Patent with all rights pertaining thereto, including the right to bring this Civil Action and collect damages for infringement of the `289 Patent.

**RESPONSE:**    The Soundview/Rowen Defendants are without sufficient information to form a belief as to the alleged ownership and title of said '289 patent, and accordingly deny the same. The Soundview/Rowen Defendants specifically deny that the Plaintiff Nutramax has any right of any kind to bring suit for patent infringement or for any other cause of action against the Soundview/Rowen Defendants.

16.    The `289 Patent contains the following one independent claim and three dependent claims:

> Claim 1: A composition for the treatment, repair or prevention of damage to connective tissue comprising: a synergistic combination of an aminosugar and avocado/soybean unsaponifiables.

9

Claim 2: The composition of claim 1, wherein the aminosugar is selected from the group consisting of glucosamine, glucosamine salts, and mixtures thereof.

Claim 3: The composition of claim 2, wherein the glucosamine salt is selected from the group consisting of glucosamine hydrochloride, glucosamine sulfate, N-acetylglucosamine and salts thereof.

Claim 4: The composition of claim 1, wherein the synergistic combination is administered orally, sublingually, nasally, gutturally, rectally, transdermally, or parenterally.

**RESPONSE:**   Admitted.

17.   Hereinafter for all purposes in this Complaint, avocado/soybean unsaponifiables as that term is used in Claim 1 of the `289 Patent is referred to as "ASU".

**RESPONSE:**   No pleading is required, as this is not a substantive allegation. Otherwise denied.

18.   Defendants Healthy Directions, Doctors' Preferred and Whitaker (together referred to as the "Healthy Directions Defendants") make or have had made, use, offer to sell and sell a product called "Joint Essentials."

**RESPONSE:**   The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendants, Healthy Directions, Doctors' Preferred and Whitaker, and accordingly deny the same.

19.   The Healthy Directions Defendants claim that their Joint Essentials product contains the ingredients Glucosamine Sulfate, Glucosamine HCl and ASU.

**RESPONSE:**   The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendants, Healthy Directions, and accordingly deny the same.

20.   The Healthy Directions Defendants' product label for Joint Essentials further indicates that a "serving size" of Joint Essentials is "3 Softgels" and that each such serving size contains 375 mg of Glucosamine Sulfate, 375 mg of Glucosamine HCI, and 300 mg of ASU.

**RESPONSE:**   The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendants, Healthy Directions, and accordingly deny the same.

21.   The Healthy Directions Defendants' Joint Essentials product is advertised and sold for the purpose of "building better long-term joint health . . . [and to] alleviate everyday aches and pains and support a

11

normal inflammatory response" in humans. The product label indicates that it is manufactured for Healthy Directions and distributed by Doctors' Preferred.

**RESPONSE:**   The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendants, Healthy Directions, and accordingly deny the same.

22.   The combination of one or more forms of glucosamine with ASU contained in the Healthy Directions Defendants' Joint Essentials product infringes one or more of claims of the `289 Patent.

**RESPONSE:**   The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, Healthy Directions, and accordingly deny the same.

23.   Defendant Maximum International makes or has had made, uses, offers to sell and sells a product called "Avocado300 Soy Unsaponifiables" (the "Avocado300 Product").

**RESPONSE:**   The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, Maximum International, and accordingly deny the same.

24.   The label for the Avocado300 Product claims that the product contains Glucosamine Sulfate and ASU.

**RESPONSE:**     The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, Maximum International, and accordingly deny the same.

25.    The Avocado300 Product label further indicates that a "serving size" of Joint Essentials is "2 tablets" and that each such serving provides 1200 mg of Glucosamine Sulfate and 300 mg of ASU.

**RESPONSE:**     The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, Maximum International, and accordingly deny the same.

26.    The Avocado300 Product is advertised and sold for the purpose of repairing or improving the function of joints and cartilage.

**RESPONSE:**     The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, Maximum International, and accordingly deny the same.

27.    The combination of Glucosamine Sulfate with ASU contained in Maximum International's Avocado 300 Product infringes one or more claims of the `289 Patent.

**RESPONSE:**     The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, Maximum International, and accordingly deny the same.

28.    Defendant Dr. Knoll Products, which trades under the name Biowell™, makes or has had made, uses, offers to sell and sells a product called "Sovocal".

**RESPONSE:**    The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, Dr. Knoll Products, and accordingly deny the same.

29.    Dr. Knoll Products claims that Sovocal contains the ingredients Glucosamine Sulfate, Avocado Extract and Soy Extract. Together, Avocado Extract and Soy Extract contain ASU.

**RESPONSE:**    The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, Dr. Knoll Products, and accordingly deny the same.

30.    The product label for Sovocal further indicates that a "serving size" is "1 tablet". The label does not disclose the quantity of each ingredient contained in each tablet, but instead indicates that the combination of ingredients in the Sovocal product is a "Proprietary Blend."

**RESPONSE:**    The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, Dr. Knoll Products, and accordingly deny the same.

31.    Sovocal is advertised and sold for the purpose of improving the

health of human bones and joints.

**RESPONSE:**     The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, Dr. Knoll Products, and accordingly deny the same.

32.     The combination of one or more forms of glucosamine with ASU in Sovocal infringes one or more of claims of the `289 Patent.

**RESPONSE:**     The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, Dr. Knoll Products, and accordingly denies the same.

33.     Defendant Nutriex makes or has had made, uses, offers to sell and sells products called "Nutriex Health" and "Nutriex Sport" (together, the "Nutriex Products").

**RESPONSE:**     The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, Nutriex, and accordingly denies the same.

34.     The product label for Nutriex Health indicates that it contains Glucosamine HC1 and ASU.

**RESPONSE:**     The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, Nutriex, and accordingly denies the same.

35.    The Nutriex Health product label further indicates that a "serving size" is "4 to 9 capsules" and that each serving provides 750 mg of Glucosamine HCl and 150 mg of ASU.

**RESPONSE:**    The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, Nutriex, and accordingly denies the same.

36.    The product label for Nutriex Sport indicates that it contains Glucosamine HCl and ASU.

**RESPONSE:**    The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, Nutriex, and accordingly denies the same.

37.    The Nutriex Sport product label further indicates that a "serving size" is "5 to 12 capsules" and that each serving provides 1,500 mg of Glucosamine HCl and 300 mg of ASU.

**RESPONSE:**    The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, Nutriex, and accordingly denies the same.

38.    The Nutriex Products are advertised and sold for the purpose of, among other benefits, repairing or improving the function of joints and cartilage.

**RESPONSE:**      The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against the Defendant, Nutriex, and accordingly deny the same.

39.      The combinations of Glucosamine HCI with ASU contained in each of the Nutriex Products infringe one or more claims of the `289 Patent.

**RESPONSE:**      The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against the Defendant, Nutriex, and accordingly deny the same.

40.      Defendants Soundview Publications (t/a Healthy Resolve) and Rowen (together, the "Healthy Resolve Defendants") make or have had made, use, offer to sell and sell a product called "Advanced Joint Support".

**RESPONSE:**      Admitted.

41.      The Healthy Resolve Defendants claim that their Advanced Joint Support product contains the ingredients Glucosamine Sulfate and Avocado/Soy Blend, a blend which Rowen advertises and claims to contain ASU.

**RESPONSE:**      Admitted. The Soundview/Rowen Defendants further aver that the Advanced Joint Support product also contains the ingredients: tumeric, boswellin and ginger.

42.   The Healthy Resolve Defendants' product label for Advanced Joint Support further indicates that a "serving size" is "1 tablet" and that each tablet contains 500 mg of Glucosamine Sulfate and 100 mg of Avocado/Soy Blend, or ASU.

**RESPONSE:**   Admitted.

43.   The Healthy Resolve Defendants' Advanced Joint Support product is advertised and sold for the purpose of easing human joint discomfort and re-building cartilage.

**RESPONSE:**   Denied.

44.   The combination of Glucosamine Sulfate with ASU in the Advanced Joint Support product infringes one or more of claims of the `289 Patent.

**RESPONSE:**   Denied.

45.   Defendant ACI, which does business as Healthy Choice Nutritionals, makes or has had made, uses, offers to sell and sells a product called "Joint Relief Complex".

**RESPONSE:**   The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, ACI, and accordingly deny the same.

46.   ACI claims that Joint Relief Complex contains the ingredients Glucosamine and ASU.

**RESPONSE:**   The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, ACI, and accordingly deny the same.

47.   The Joint Relief Complex product label indicates that a "serving size" of the product is "3 tablets" and that each serving provides 1500 mg of Glucosamine Sulfate and 300 mg of ASU.

**RESPONSE:**   The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, ACI, and accordingly deny the same.

48.   Joint Relief complex is advertised and sold for the purpose of strengthening, restoring and rebuilding cartilage.

**RESPONSE:**   The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, ACI, and accordingly deny the same.

49.   The combination of glucosamine sulfate with ASU contained in the Joint Relief Complex product infringes one or more claims of the `289 Patent.

**RESPONSE:**   The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, ACI, and accordingly deny the same.

50.   Defendant LifeWise makes or has made, uses or has used, offers or has offered to sell, and sells or has sold a product called "JointWise Ultra with ASU."

**RESPONSE:**   The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, LifeWise, and accordingly deny the same.

51.   LifeWise claims that JointWise Ultra with ASU contains the ingredients Glucosamine Sulfate Potassium Chloride (sodium-free glucosamine) and ASU.

**RESPONSE:**   The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, LifeWise, and accordingly deny the same.

52.   LifeWise advertises that the "suggested use" for JointWise Ultra with ASU is "6 caps daily" and that "two capsules contain" 500 mg of Glucosamine Sulfate Potassium Chloride and 100 mg of ASU.

**RESPONSE:**     The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, LifeWise, and accordingly deny the same.

53.     LifeWise advertises or has advertised that it has "now added ASU to [its] comprehensive JointWise Ultra formula to provide even more support for healthy collagen synthesis, range of motion, flexibility, and normal inflammatory balance."

**RESPONSE:**     The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, LifeWise, and accordingly deny the same.

54.     The combination of one or more forms of glucosamine with ASU contained in LifeWise's JointWise Ultra with ASU product infringes one or more of claims of the `289 Patent.

**RESPONSE:**     The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant, LifeWise, and accordingly deny the same.

**COUNT I**
**DIRECT PATENT INFRINGEMENT**
**(all Defendants)**

55.     Plaintiff incorporates by reference the allegations in Paragraphs 1 through 54 as if stated fully herein.

**RESPONSE:**      The Soundview/Rowen Defendants' responses to

paragraphs 1-54 above are hereby incorporated by reference.

56.   Defendants Healthy Directions, Doctors' Preferred, Whitaker,

Maximum International, Dr. Knoll Products, Nutriex, Soundview,

Rowen, ACI, and LifeWise (together, the "Infringing Defendants") each

directly infringe the `289 Patent because each Infringing Defendant has

made, sold, and/or distributed, or has had made, sold and/or distributed,

and on information and belief continues to make and/or has made the

products identified and described above, each of which contain

combinations of ingredients that fall within the claims of the `289 Patent.

**RESPONSE:**      The Soundview/Rowen Defendants are without sufficient

information as to form a belief as to the allegations set forth against

Defendants Healthy Directions, Doctors' Preferred, Whitaker, Maximum

International, Dr. Knoll Products, Nutriex, Rowen, ACI, and LifeWise,

and accordingly deny the same. As to the Soundview/Rowen Defendants,

the Soundview/Rowen Defendants specifically deny all allegations set

forth in paragraph 56 as alleged against the Soundview/Rowen Defendants.

57.   The Infringing Defendants have for time past and still are

infringing the `289 Patent by selling, advertising for, and offering to sell

a product that embodies the invention of the `289 Patent to customers

throughout the United States, including Maryland, directly and through intermediaries, and will continue to do so unless enjoined by this Court.

**RESPONSE:**   The   Soundview/Rowen   Defendants   are   without sufficient information as to form a belief as to the allegations set forth against Defendants Healthy Directions, Doctors' Preferred, Whitaker, Maximum International, Dr. Knoll Products, Nutriex, Rowen, ACI, and LifeWise, and accordingly deny the same.  As to the Soundview/Rowen Defendants, the Soundview/Rowen Defendants specifically deny all allegations set forth in paragraph 57 as alleged against the Soundview/Rowen Defendants.

58.   The Infringing Defendants' actions have been and continue to be willful, knowing, deliberate and without a good faith belief that the `289 Patent was for some reason unenforceable or not infringed.

**RESPONSE:**   The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendants Healthy Directions, Doctors' Preferred, Whitaker, Maximum International, Dr. Knoll Products, Nutriex, Rowen, ACI, and LifeWise, and accordingly deny the same.  As to the Soundview/Rowen Defendants, the Soundview/Rowen Defendants specifically deny all allegations set forth in paragraph 58 as alleged against the Soundview/Rowen Defendants.

Moreover, the allegations of this paragraph are further subject to motions to dismiss for failure to state a cause of action and/or for summary judgement, *inter alia*, for:

(a) the reason that the pleading fails to plead patent invalidity as a suitable grounds for avoidance of any alleged willfulness, and

(b) the further reasons set forth under the provisions of the controlling law set forth by the Federal Circuit in its unanimous *en banc* case of In re Seagate Technology, LLC, 2007 U.S. App. LEXIS 19768, __F.3d__ , Misc. Docket No. 830 (Fed. Cir., August 20, 2007):

(i) which is specifically reserved unto the Soundview/Rowen Defendants hereof;

(ii) which pronouncement of the Federal Circuit has expressly overruled prior law on the subject of alleged willfulness;

(iii) which now requires "at least a showing of objective recklessness...";

(iv) which holds: "Accordingly, to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."; and

(v) which thus has eliminated the prior standard of "affirmative duty of due care" that had previously been created by notice of infringement.

59.   The Infringing Defendants' actions have had and continue to have the effect of damaging and irreparably harming Nutramax, and such harm will continue unless Defendants are permanently enjoined from infringing the `289 Patent.

**RESPONSE:**   The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendants Healthy Directions, Doctors' Preferred, Whitaker, Maximum International, Dr. Knoll Products, Nutriex, Rowen, ACI, and LifeWise, and accordingly deny the same.  As to the Soundview/Rowen Defendants, the Soundview/Rowen Defendants specifically deny all allegations set forth in paragraph 59 as alleged against the Soundview/Rowen Defendants.

## COUNT II
## INDUCEMENT OF DIRECT PATENT INFRINGEMENT
### (Defendants Healthy Directions, Whitaker, and Rowen)

60.   Plaintiff incorporates by reference the allegations in Paragraphs 1 through 59 as if stated fully herein.

**RESPONSE:**    The Soundview/Rowen Defendants' responses to paragraphs 1-59 above are hereby incorporated by reference.

61.    This is a claim for inducement to infringe pursuant to 35 U.S.C. 271(b) against Defendants Whitaker, Healthy Directions and Rowen (together, the "Inducing Defendants").

**RESPONSE:**    The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against the Defendants Whitaker and Healthy Directions, and accordingly deny the same. As to allegations made against Rowen, Rowen and the Soundview/Rowen Defendants specifically deny all allegations set forth in paragraph 61 as alleged against Dr. Rowen and/or the Soundview/Rowen Defendants.

62.    Defendant Whitaker knew of the `289 Patent at a time when Defendants Healthy Directions and Doctors' Preferred committed the acts of direct infringement described above, and Whitaker's actions induced the infringing acts by Healthy Directions and Doctors' Preferred. Whitaker also knew or should have known that his actions would induce the direct infringement of the `289 Patent by Healthy Directions and Doctors' Preferred.

**RESPONSE:**    The Soundview/Rowen Defendants are without sufficient

information as to form a belief as to the allegations set forth against Defendant Whitaker, Healthy Directions and Doctors' Preferred, and accordingly deny the same.

63.   Defendant Healthy Directions knew of the `289 Patent at a time when its subsidiary, Defendant Doctors' Preferred, committed acts of direct infringement, and Healthy Directions' actions induced the infringing acts by Doctors' Preferred. Healthy Directions also knew or should have known that its actions would induce the direct infringement of the `289 Patent by Doctors' Preferred.

**RESPONSE:**   The Soundview/Rowen Defendants are without sufficient information as to form a belief as to the allegations set forth against Defendant Healthy Directions and Doctors' Preferred, and accordingly deny the same.

64.   Defendant Rowen knew of the `289 Patent at a time when Defendant Soundview, through a product sold under its brand name Healthy Resolve, committed acts of direct infringement, and Rowen's actions induced the infringing acts by Soundview. Rowen also knew or should have known that his actions would induce the direct infringement of the `289 Patent by Soundview.

**RESPONSE:**   Denied.

## DEFENDANTS' AFFIRMATIVE DEFENSES TO PLAINTIFFS FIRST AMENDED COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

65.   Plaintiff fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

66.   Defendants do not make, use, import, sell or offer for sale, and has not made, used, imported, sold, or offered for sale, in the United States any product that infringes any valid claim of United States Patent No. 6,797,289 B2 ("the '289 patent"), either directly or indirectly, contributorily or otherwise, and has not induced any others to infringe any valid claim of said patents.

### THIRD AFFIRMATIVE DEFENSE

67.   Upon information and belief, the '289 patent is invalid for failure to comply with the statutory requirements specified in parts II and III of Title 35, United States Code, including, but not limited to, § 101, 102, 103, 112 and/or 256.

### FOURTH AFFIRMATIVE DEFENSE

68.   Upon information and belief, the '289 patent is invalid because the invention was on sale for more than one year prior to the earliest filing date.

## FIFTH AFFIRMATIVE DEFENSE

69.     Upon information and belief, the '289 patent is invalid because the invention was described in a printed publication in this or a foreign country more than one year prior to the earliest filing date.

## SIXTH AFFIRMATIVE DEFENSE

70.     Upon information and belief, the '289 patent is unenforceable because fraud and/or inequitable conduct have been perpetrated by Plaintiff on the United States Patent and Trademark Office ("PTO") for failure to disclose material prior art and material information to the PTO of which they were aware, including, an improper assertion of inventorship.

## SEVENTH AFFIRMATIVE DEFENSE

71.     Upon information and belief, the '289 patent is unenforceable for patent misuse.

## EIGHTH AFFIRMATIVE DEFENSE

72.     Upon information and belief, Plaintiff's Complaint is barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

73.     Upon information and belief, Plaintiff's Complaint is barred by prosecution history estoppel.

## TENTH AFFIRMATIVE DEFENSE

74.    Upon information and belief, Plaintiff's Complaint is barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

75.    Upon information and belief, Plaintiff's Complaint is barred by the doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

76.    Upon information and belief, Plaintiff's Complaint is barred for lack of standing.

## THIRTEENTH AFFIRMATIVE DEFENSE

77.    Defendants reserve the right to assert any other defenses that may be available to it and/or that are subsequently discovered.

WHEREFORE, the Soundview/Rowen Defendants respectfully pray for the following relief:

a.    That Plaintiff's Counts I and II hereinabove be dismissed with prejudice and that the Plaintiff Nutramax take no relief of any kind from the Soundview/Rowen Defendants;

b.    That this case be declared an exceptional case, and that the Soundview/Rowen Defendants be awarded their reasonable attorney fees;

c.  That the '289 patent be declared non-infringed, invalid and unenforceable; and

d.  Any such other and further relief as the Court deems just.

## COUNTERCLAIM

The Soundview/Rowen Defendants bring the following counterclaim for Declaratory Judgment of patent non-infringement, invalidity, and unenforceability, and further causes of action for federal unfair competition, tortious interference with contract involving existing and prospective business relationships, and *Walker Process* antitrust violations based upon Nutramax's knowing and intentional fraud.

Soundview/Rowen for their counterclaims against Nutramax allege, as follows:

## PARTIES

78.  Soundview/Rowen reallege and incorporate herein its responses to each of Plaintiff's paragraphs 1 through 64 of Plaintiff's Complaint, and the pleadings of paragraphs 65-77 hereinabove, as if fully set forth herein.

79.  The Plaintiff, Nutramax Laboratories, Inc. (Nutramax) is a corporation organized and existing under the laws the State of Maryland, having a principal place of business at 2208 Lakeside Boulevard, Edgewood, Maryland 21040. Nutramax has alleged that it is the owner, by assignment,

of all right, title, and interest in and to the following United States Patent No. 6,797,289 B2 (the '289 patent), filed July 11, 2002, published September 28, 2004, including the alleged right to bring suit for patent infringement.

80.    Soundview Publications is a publishing and a nutritional supplement company.    Specifically, Soundview Publications researches, markets, develops, manufactures, distributes and sells nutritional supplement products across the United States, including Maryland.    One such product is Soundview Publications' Advanced Joint Support nutritional supplement.

81.    Dr. Rowen serves as an independent contractor to Soundview Publications, for medical and product consultation services, and has done so in connection with Soundview Publications' Advanced Joint Support nutritional supplement.

JURISDICTION AND VENUE

82.    This Counterclaim arises under the Acts of Congress relating to patents, 35 U.S.C. § 1 et seq., and under the Declaratory Judgment Act, 28 U.S.C. § 2201.

83.    Venue is proper under 28 U.S.C. § 1391(b) and (c).

84.    This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1338(a).

85.   Through its First Amended Complaint, Nutramax has submitted itself to the jurisdiction and venue of this Court.

86.   Through this Answer and Counterclaim, the Soundview/Rowen Defendants do hereby, only for the purposes herein, submit themselves to the jurisdiction and venue of this Court.

## NON-INFRINGEMENT

87.   Soundview/Rowen reallege and incorporate herein its responses to each of Plaintiff's paragraphs 1 through 64 of Plaintiff's Complaint, and the pleadings of paragraphs 65-77 hereinabove, as if fully set forth herein.

88.   The Soundview/Rowen defendants do not make, use, import, sell, or offer for sale, and has not made, used, imported, sold, or offered for sale, in the United States any product that infringes any valid claim of the '289 patents, either directly or indirectly, contributorily or otherwise, and have not induced any others to infringe any valid claim of said patents.

89.   A case or controversy exists between Nutramax and the Soundview/Rowen Defendants concerning the non-infringement of the '289 patent, which requires a declaration of rights by this Court.

90.   Nutramax is estopped to assert for its patent claims any suitable breadth thereof that would encompass the accused subject matter of the Soundview/Rowen Defendants.

91.   Soundview's Advanced Joint Support nutritional supplement does not infringe any valid or enforceable claim of the '289 patent, as properly construed, whether literally or under the Doctrine of Equivalents, or by inducement or contributory infringement, or otherwise.

92.   Indeed, and assuming *arguendo* the validity of the claims of the '289 patent (which is vigorously disputed), the properly construed scope of the patent claims of the '289 patent must lawfully, and in any event, be confined according to the prevailing *Markman* standards to the limiting parameters of the testing as actually done, and thus includes, *inter alia*, only the treatment of bovine cells, only treatment activities *in vitro*, only cellular uptake of the radioactively labeled compound, and the other elements of said testing as set forth, *supra*, is not synergistic, and is not sold for the treatment, repair or prevention of human malady as required by the claims thereof.

## INVALIDITY

93.   Soundview/Rowen reallege and incorporate herein its responses to each of Plaintiff's paragraphs 1 through 64 of Plaintiff's Complaint, and the pleadings of paragraphs 65-77 hereinabove, as if fully set forth herein.

94.   Nutramax's alleged '289 patent is invalid for failure to comply with the statutory requirements specified in parts II and III of Title 35, United States Code, including, but not limited to, § 101, 102, 103, 112 and/or 256.

95.    Upon information and belief, the '289 patent is invalid because the invention would have been obvious to one of ordinary skill in the art at the time the alleged invention was conceived or otherwise made by Plaintiff's alleged inventor.

96.    Upon information and belief, the two components set forth in the claims as a combination were taught by the prior art to have been an "obvious to try" combination, and a product whose "time had come". Moreover, the relevant prior art did clearly demonstrate a teaching, suggestion or motivation to combine the teachings thereof to thus produce the combination set forth in the '289 patent claims, and no new, improved or otherwise unobvious or unexpected result took place, inasmuch as, *inter alia*, each of said components of the patent claim did perform in the expected, known and obvious manner.

97.    Nutramax's alleged '289 patent is invalid for failure to comply with the requirements of 35 USC Section 101 regarding patentable subject matter.

## UNENFORCEABILITY FOR INEQUITABLE CONDUCT

98.    Soundview/Rowen reallege and incorporate herein its responses to each of Plaintiff's paragraphs 1 through 64 of Plaintiff's Complaint, and the pleadings of paragraphs 65-77 hereinabove, as if fully set forth herein.

99.   The '289 patent is unenforceable due to Nutramax's inequitable conduct including, but not limited to, (a) Nutramax's burying and thus knowing and intentional concealment of material references, and (b) Nutramax's submission of false and misleading Declarations, as alleged *supra.*

100. During the prosecution of the application for the '289 patent, individuals owing a duty of candor to the United States Patent and Trademark Office (the "PTO"), including the applicants for the '289 patent, the attorneys prosecuting the patent, and others associated with Nutramax and/or its predecessors in title (collectively, "the Applicants"), breached their duty of candor by unnecessarily and deceptively disclosing more than 179 prior art references in an Information Disclosure Statement. Specifically, the Applicants in the '289 patent listed forty-two (42) United States patent documents, two (2) foreign patent documents, and over 136 other non-patent publications.

101. Nutramax intentionally devised a scheme to "bury" salient prior art within a volume of irrelevant and/or extraneous literature, and to, thus, commit fraud on the United States Patent and Trademark Office. Specifically, under the current United States Patent and Trademark Office examination procedures, it would be objectively impossible for a reasonable

Examiner to adequately examine and consider more than **179** pieces of complex prior art within the time allotted to the Examiner for the given application.

99.   Nutramax has intentionally submitted a laundry list of references for the deliberate and express purpose of "burying," and thus concealing, the particularly critical prior art among less relevant or entirely irrelevant pieces of prior art.

100. Moreover, Nutramax did submit, during the prosecution of the applications leading to the issuance of the '289 patent, Declarations that were non-probative, diversionary, and intentionally designed to be false and misleading, and that such Declarations were intended to be materially relied upon by the United States Patent and Trademark Office in deciding whether to allow the then pending claims, and in fact were relied upon by the United States Patent and Trademark Office in incorrectly allowing the claims that did, in fact, issue. Among many other elements, these Declarations provided alleged information about alleged testing purportedly of subject matter that was contended to have been material to the subject of allowance of the then pending claims. However, and among many other points showing invalidity of the tests, including failure to meet *Daubert* scrutiny as required by the United States Supreme Court, the tests that were performed   (a) were

insufficiently controlled and not verified as valid or probative, including but not limited to Nutramax's unproven contention that uptake of a radioactively-labeled compound (and in an uncontrolled and untested *in vitro* chemical environment) somehow is determinative of "the treatment, repair or prevention of damage to connective tissue", (b) failed to provide adequate testing data to support the breadth of the claims at issue; (c) were *in vitro*, whereas the claims involve *in vivo* subject matter, (d) involved only bovine cell, while the subject claims are broad enough to include human cells, (e) provided false claims for the data that was not above the margin of error for such *albeit* uncontrolled test methods, (f) falsely alleged "synergism", but while explicitly and inconsistently admitting that the two components tested worked separately and by separate mechanisms, and, thus, by definition could not be "synergistic" as required by the law; (g) demonstrated no level of required dosing to separate ineffective levels from purportedly effective levels, and, as such, thus rendered the patent Specification to have been a mere blueprint for experimentation in violation of the requirements of the patent law; (h) selected inadequate data points to show any alleged "synergism" (if at all) at any level of dosing other than the extremely limited levels allegedly tested; (i) did not provide sufficient experimental conditions duplicatable by others skilled in the art; (j) upon

information and belief, were not in fact duplicatable by others skilled in the art; (k) such alleged testing provided no method for discriminating as to (1) relative effectiveness, (2) absolute effectiveness, if any, and/or (3) dosage, for the alleged combination in any of the "treatment, repair or prevention of damage" as alleged in the overly broad claims thereof; (l) no testing was done in any manner colorably commensurate with the claim breadth, *inter alia*, for the term "connective tissue" which includes, for example, animal and human (1) areolar (or loose) connective tissue, which holds organs and epithelia in place, and has a variety of proteinaceous fibres, including collagen and elastin, (2) adipose tissue, which contains adipocytes, used for cushioning, thermal insulation, lubrication (primarily in the pericardium) and energy storage, (3) dense connective tissue (or, less commonly, fibrous connective tissue), which forms ligaments and tendons (its densely packed collagen fibres have great tensile strength), and (4) reticular connective tissue, which is a network of reticular fibres (fine collagen, type III) that form a soft skeleton to support the lymphoid organs (lymph nodes, bone marrow, and spleen.); (m) the degree of Nutramax's alleged testing did not include a sufficient breadth of an adequate number of respective species to support the claim limitations drawn to the genuses of (i) avocado/soy unsaponifiables, and/or (ii) aminosugars; and, (n) Nutramax's alleged testing

protocol included the use of chemicals that are not present *in vivo*, and whose effect regarding alleged uptake of the claim elements comprising (i) avocado/soy unsaponifiables and/or (ii) aminosugars is unknown and unresolved; and (o) has never been demonstrated to be useful for the alleged purpose of "treatment, repair or prevention of damage to connective tissue", whether human or otherwise, as alleged in the patent claims thereof.

102.   As a matter of public policy, the public has a right to rely on the pronouncements and actions of the United States Patent and Trademark Office for legitimacy and validity.   The purpose of the patent law is to encourage innovation, by granting inventors legal rights which permit them to protect their original inventions.   A patent is a right granted by the United States Constitution wherein the inventor teaches the subject matter of the invention to the Public and receives as the *quid pro quo* the limited right to exclude others from making, using or selling the claimed invention for a fixed period of time, and absent permission from the inventor, and after that limited period of time expires, the invention becomes public property. Under the present facts of failure to teach the Public and of material deception by Nutramax, Nutramax has not given to the Public the Constitutionally required *quid pro quo*, and, thus, does not have a valid, enforceable or infringed patent.

103.  Such conduct of Nutramax constitutes inequitable conduct before the USPTO.

<u>UNENFORCEABILITY FOR PATENT MISUSE</u>

104.  Soundview/Rowen reallege and incorporate herein its responses to each of Plaintiff's paragraphs 1 through 64 of Plaintiff's Complaint, and the pleadings of paragraphs 65-77 hereinabove, as if fully set forth herein.

105.  Plaintiff is attempting to stifle legitimate competition by asserting rights in fraudulently obtained patents.

106.  This willful and fraudulent patent misuse renders the '289 patent unenforceable.

<u>INVALIDITY FOR FAILURE TO COMPLY WITH<br>PARAGRAPHS I and II of 35 U.S.C. § 112</u>

107.  Soundview/Rowen reallege and incorporate herein its responses to each of Plaintiff's paragraphs 1 through 64 of Plaintiff's Complaint, and the pleadings of paragraphs 65-77 hereinabove, as if fully set forth herein.

108.  The specification of the '289 patent contains ambiguous, inexact, and confusing language that fails to enable those of ordinary skill in the art to make or use the invention.

109.  The specification of the '289 patent contains ambiguous, inexact, and confusing language that fails to set forth the best mode contemplated by the alleged inventor.

110.  The claims of the '289 patents fail to point out with particularity and fail to distinctly claim the subject matter of the application.  Nor does the Specification of the '289 patent enable one of ordinary skill in the art to practice the alleged scope of the purported invention, including, *inter alia,* the treatment of any human or other species' malad(ies).

111.  The noncompliance of the '289 patent with paragraphs 1 and 2 of 35 U.S.C. 112 renders the '289 patent invalid.

<u>FEDERAL UNFAIR COMPETITION</u>

112.  Soundview/Rowen reallege and incorporate herein its responses to each of Plaintiff's paragraphs 1 through 64 of Plaintiff's Complaint, and the pleadings of paragraphs 65-77 hereinabove, as if fully set forth herein.

113.  Upon information and belief, Plaintiff Nutramax has made representations about their own products that were uttered in the course of commercial advertising or promotion of their products, and that constitute material misrepresentations in commerce of the nature, characteristics, qualities of Nutramax's goods and commercial activities.

114.  Upon information and belief, Plaintiff Nutramax has made representations about Soundview, and Soundview's products, that were uttered in the course of commercial advertising or promotion of Nutramax's products, and that constitute commercial slander, false representations, and

material misrepresentations in commerce of the nature, characteristics, and qualities of Soundview's goods and commercial activities.  Said false or materially misleading representations uttered about Soundview by or on behalf of the Plaintiff Nutramax have damaged or are likely to damage Soundview.

115.  Based upon Plaintiff Nutramax's multiple acts of inequitable conduct before the United States Patent and Trademark Office, Plaintiff Nutramax has made fraudulent and public claims of inventorship to the subject matter of the '289 patent.

116.  Based upon Plaintiff Nutramax's multiple acts of inequitable conduct before the United States Patent and Trademark Office, Plaintiff Nutrmax has made false public declarations that Soundview has infringed the '289 patent.

117.  Plaintiff Nutramax's false and fraudulent representations (a) have been uttered in the course of commercial advertising or promotion of Plaintiff Nutamax's products, and (b) constitute material misrepresentations in commerce as to the nature, characteristics, qualities, and geographic origin of Nutamax's goods and/or services.

118.  Plaintiff's false and fraudulent representations about Soundview were uttered in the course of commercial advertising or promotion of Plaintiff's products and constitute material misrepresentations in commerce as to

Defendant and as to the nature, characteristics, and qualities of Defendant's

goods and commercial activities.

119.  Said false and fraudulent representations uttered by or on behalf of the

Plaintiff have damaged or are likely to damage Defendant.

120.  Said actions of Plaintiff constitute violations of § 43(a)(1)(B) of the

Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

121.  Soundview Publications, Inc. realleges and incorporates herein its

responses to each of Plaintiff's paragraphs 1 through 64 of Plaintiff's

Complaint, and the pleadings of paragraphs 65-77 hereinabove, as if fully set

forth herein.

122.  This cause of action is to remedy acts of tortious interference with

business relations under Maryland Common Law.

123.  Nutramax's tortious acts were done in an attempt to eliminate

Soundview as a legitimate competitor in the market and, thus, capture from

Soundview their existing customers, and prospective business relations.

124.  As a result of Nutramax's tortious interference with business relations,

Southeastern have and will continue to suffer financial injury, economic

injury and dilution in value of Nutramax's business and reputation.

125.  Due to the willful, deliberate and wanton nature of Plaintiff's

unlawful activities, Defendant is entitled to punitive damages pursuant Md. Commercial Law Code Ann. § 14-1213.

## WILLFUL MAINTENANCE OF A MONOPOLY IN VIOLATION OF SHERMAN ACT, SECTION 2

126.   Soundview/Rowen reallege and incorporate herein its responses to each of Plaintiff's paragraphs 1 through 64 of Plaintiff's Complaint, and the pleadings of paragraphs 65-77 hereinabove, as if fully set forth herein.

127.   The Nutritional market, and as particularly applied to nutritional supplements, is a relevant product market and/or sub-market within the meaning of the antitrust laws.

128.   The relevant geographic market is the world, with the United States serving as a relevant sub-market.

129.   Upon information and belief, Nutramax itself will have contended herein that there are no acceptable, non-infringing alternatives and, thus, that there is "market power" present in Nutramax's patented items.   As such, Nutramax possesses monopoly power in the relevant market.

130.   Substantial barriers to entry and expansion exist in the relevant market and sub-market.

131.   On information and belief, Nutramax has the power to control prices and exclude competition.

132.  Plaintiff has engaged in knowing, willful and intentional fraudulent conduct before the United State Patent and Trademark Office for the specific purpose of obtaining false and fraudulent color of rights to exclude others from the market place by obtaining and maintaining the fraudulently procured the '289 United States Patent.  Such unlawful conduct of Nutramax has been particularly designed and planned (a) to result in the anticompetitive effects of unlawfully maintaining and enhancing Nutramax's monopoly in the relevant market, and (b) to stifle competition and to eliminate consumer choice through unlawful exclusionary behavior designed to keep Soundview weak, undersized, and unable to achieve a minimum efficient scale of operation needed to become a viable substitute for Nutramax with respect to significant customers, or to an essential portion of the market.  Nutramax has done so with the intent to maintain its monopoly in the relevant market and sub-market.

133.  There is no legitimate business justification for Nutramax's conduct.

134.  Soundview has suffered and will continue to suffer injury to its business and property as a result of Nutramax's antitrust violations.

135.  Nutramax's conduct has caused and will continue to cause injury to the relevant market and sub-market in the form of reduced competition, innovation and consumer choice.

136. Nutramax's actions constitute violations of Sherman Act, Section 2.

<u>MARYLAND DECEPTIVE TRADE PRACTICES</u>

137. Soundview/Rowen reallege and incorporate herein its responses to each of Plaintiff's paragraphs 1 through 64 of Plaintiff's Complaint, and the pleadings of paragraphs 65-77 hereinabove, as if fully set forth herein.

138. Nutramax while in the course of business, have disparaged the goods and business of Soundview through false and misleading representations of fact.

139. Said actions of the Plaintiff constitute violations of section § 13-301 of the Commerical Law Code of Maryland Annotated.

140. Nutramax's disparagement of the goods and business of Soundview has been willfully committed knowing the utterances to be deceptive.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Soundview/Rowen pray for judgment that the Court grant relief, as follows:

1. In regard to the matter of Nutramax's alleged '289 patent, a Declaration and Decree:

a) that no valid or enforceable claim of United States Patent No. 6,797,289 has been infringed by the Soundview/Rowen Defendants,

whether literally, by equivalency, by inducement of infringement, by contributory infringement, or otherwise;

b) that the '289 patent is invalid;

c) that Plaintiff Nutramax, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, be permanently enjoined from suing or threatening to sue, or making any charges against the Soundview/Rowen Defendants regarding the alleged infringement of the '289 patent;

d) that the '289 patent is unenforceable;

e) that the claims of United States Patent No. 6,797,289 are unenforceable;

f) that Plaintiff Nutramax, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, be permanently enjoined from enforcing any alleged rights in and to the '289 patent; and,

e) that this case is an exceptional case and that reasonable attorneys' fees, costs and expenses be awarded to the Soundview/Rowen Defendants under, but not limited to, 35 U.S.C. § 285;

2.    In regard to Nutramax's antitrust violations as pled aforesaid, the granting of injunctive relief, compensatory damages, and punitive damages up to and including treble damages, and in an amount to be determined by this Court, and attorney's fees, each for Nutramax's deliberate and willful monopolization, stifling of legitimate competition, and thus violation of Section 2 of the Sherman Act;

3.    In regard to Nutramax's Federal Unfair Competition, the granting of suitable injunctive relief, compensatory damages, and punitive damages up to and including treble damages, and attorney's fees;

4.    In regard to Nutramax's Maryland State Unfair Competition, the granting of suitable injunctive relief, compensatory damages, and punitive damages up to and including treble damages, and attorney's fees;

5.    In regard to Nutramax's tortious interference with contractual relationships and prospective advantage, the granting of suitable injunctive relief, compensatory damages, and punitive damages, and attorney's fees, and a declaration that Nutramax has tortiously interfered with Soundview's relationships;

6.    A declaration that the actions of Plaintiff, as pled hereinabove, were in bad faith, constitute stubborn litigiousness and/or have put Defendant to unnecessary trouble and expense, such that Defendant is entitled to recover

from Plaintiff for Defendant's cost of litigation, including reasonable attorney's fees, pursuant to Md. R. 1-341; and

7.    That the Soundview/Rowen Defendants be awarded such other and further relief as the Court deems just and proper.

<u>Request for Jury Trial</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Soundview/Rowen Defendants hereby respectfully demand a trial by jury as to all issues so triable.

Respectfully submitted this 27th day of August, 2007.

_____/s/_____

James A. Frederick
Bar No. 23506
Warren Hong
Bar No. 28447
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, Maryland  21202
(410) 783-4000
Fax: (410) 783-4040

**Of Counsel:**
Robert M. Ward, Esquire
Ashish D. Patel, Esquire
Justin C. Ward, Esquire
Myers & Kaplan
Intellectual Property Law, L.L.C.
Cumberland Center II
3100 Cumberland Boulevard
Suite 1400
Atlanta, GA  30339
Phone:  (770) 541-7444
Fax:    (770) 541-7448

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of August, 2007, a copy of

the foregoing *Defendant Soundview Publications Inc.s' and Dr. Robert J.*

*Rowen's Answers and Counterclaims to Plaintiff's 1st Amended*

*Complaint* was filed electronically via CM/ECF in the United States District

Court for the District of Maryland, Northern Division with notice of same

being electronically served by the Court to the following:

**Robert R Bowie, Jr**
Bowie and Jensen LLC
29 W Susquehanna Ave Ste 600
Towson, MD 21204-5274
14105832400
Fax: 14105832437
Email: yocum@bowie-jensen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Aaron Glikin**
Bowie and Jensen LLC
29 W Susquehanna Ave Ste 600
Towson, MD 21204
14105832400
Fax: 14105832437
Email: glikin@bowie-jensen.com


_____/s/_____
James A. Frederick
Goodell, DeVries, Leech & Dann, LLP